IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Amy Hanks, | ) | C/A No.: 3:15-3102-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Copart of Connecticut, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of third-party James Turner ("Turner") to intervene in this case. This case was originally filed on August 7, 2015, alleging race discrimination in employment. [ECF No. 1]. Pursuant to the parties' joint motion, the court entered the court's standard confidentiality order on May 11, 2016. After the parties advised the court they had reached a resolution, the court entered an order of dismissal on August 9, 2016. [ECF No. 24].

Turner has a lawsuit against Copart[1] pending in this court. *See* C/A No. 3:16-3312-JFA-PJG. ("*Turner* case") In the instant motion, Turner claims that Copart's counsel in the *Turner* case is "asserting the confidentiality of the Settlement Agreement and consequently the Confidentiality Order to prevent []Amy Hanks from testifying in the [*Turner* case] concerning the matters raised in her complaint." [ECF No. 25 at 3].

The confidentiality order in this case is the standard order used by the court. [ECF

---

[1] The defendant in the Turner case is named as Copart, Inc., but it claims it should properly be identified as Copart of Connecticut, Inc. [ECF No. 5 in the *Turner* case]. For ease of reference, the undersigned refers to the defendant as Copart.

No. 20, 21]. It is not intended to prevent a producing party from subsequent disclosure of its own documents. To the extent, Copart is claiming such, Turner may utilize the rules of civil procedure governing discovery disputes in the *Turner* case.

To the extent Turner argues the confidentiality order governs the private settlement agreement between Hanks and Copart, there is no authority for such a finding. By its own terms, the scope of the confidentiality order is limited to discovery. [ECF No. 21, ¶2]. The court was not a party to the settlement agreement and has not issued any orders related to the settlement agreement.

For the foregoing reasons, the undersigned denies Turner's motion to intervene.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 26, 2017                                        Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge